RECEIVED
USDC, CLERK, CHARLESTON, SC
2013 AUG 13  P 3: 25

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Mark Bellamy, | ) | |
| | ) | |
| Petitioner, | ) | 4:03-cr-00474-CWH-3 |
| | ) | 4:10-cv-70210-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Mark Bellamy (the "petitioner"), a federal prisoner proceeding pro se, has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. (ECF No. 1446). The government has filed a response to the petitioner's motion and a motion for summary judgment (ECF Nos. 1461 & 1462), and the petitioner filed a reply thereto. (ECF No. 1466). The Court has thoroughly reviewed the record and finds the motions suitable for disposition without an evidentiary hearing. For the reasons set forth below, the Court denies the petitioner's § 2255 motion and grants the government's motion for summary judgment.

## BACKGROUND

In a twelve-count indictment filed on April 23, 2003 charging thirty defendants, the petitioner was charged in Count One with conspiring to possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (ECF No. 1). On May 12, 2003, after the petitioner declined to cooperate with the government, the government filed an Information pursuant to 21 U.S.C. §



851. On July 10, 2003, the petitioner pleaded guilty pursuant to a written plea agreement to Count One of the indictment. (ECF No. 441). On March 3, 2004, at sentencing, the Court adopted a drug quantity of eleven kilograms of crack cocaine. According to the Presentence Investigation Report ("PSR"), the petitioner had a total offense level of 35 and a criminal history category of VI, resulting in a guideline range of 292-365 months. However, because the petitioner had more than two prior convictions under 21 U.S.C. § 851, the Court sentenced him to life in prison. (ECF No. 673).

The defendant appealed, contending that the Section 851 Information stated the mandatory minimum sentence was twenty years, instead of life in prison. On those grounds, the government consented to the remand for resentencing and filed a motion to remand the case. On May 1, 2006, the Fourth Circuit Court of Appeals vacated the defendant's sentence and remanded the case for further proceedings. (ECF No. 839). At resentencing on July 12, 2006, the Court sentenced the petitioner as a career offender to a term of 292 months imprisonment to be followed by 10 years of supervised release. (ECF No. 880). The defendant appealed, and on July 2, 2009, the Fourth Circuit affirmed the sentence.[1] United States v. Bellamy, 336 F. App'x 285, 287 (4th Cir. 2009) (per curiam). The petitioner timely filed this § 2255 motion on June 21, 2010. (ECF No. 1446).

## APPLICABLE LAW

The petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

---

[1] Thereafter, the government discovered that it had, in fact, filed an amended Section 851 Information on June 6, 2003, which notified the defendant that he faced a mandatory sentence of life in prison. Thus, the defendant has received the benefit of the government's error.



> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) (citations omitted).

## STANDARD OF REVIEW

To grant a motion for summary judgment, the court must find that "there is no genuine dispute as to any material fact . . . ." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if "there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). All evidence should be viewed "in the light most favorable to the nonmoving party." Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 124 (4th Cir. 1990) (citation omitted). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991) (citations omitted).

Pro se submissions are to be construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted). Nevertheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th



Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

## DISCUSSION

### I. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) (citations omitted). In order to prevail on an ineffective assistance claim, the petitioner must demonstrate, by a preponderance of the evidence, that (1) the attorney's performance was deficient, and (2) the attorney's deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish the first prong of the Strickland test, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. A court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008) (quoting Strickland, 466 U.S. at 689). In essence, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (internal quotation marks and citation omitted). In order to satisfy the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have



been different." Strickland, 466 U.S. at 694. The Supreme Court has defined "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Id.

The petitioner has the burden of showing that his trial counsel was ineffective under this standard. See Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) (per curiam) (citing Johnson v. Zerbst, 304 U.S. 458 (1938) (stating "the burden of proof in a habeas corpus proceeding is on the petitioner . . . .")). Moreover, "'there is no reason for a court deciding an ineffective assistance claim' to resolve 'both components of the inquiry if the defendant makes an insufficient showing on one.'" Merzbacher v. Shearin, 706 F.3d 356, 365 (4th Cir. 2013) (quoting Strickland, 466 U.S. at 697). Instead, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Strickland, 466 U.S. at 697.

The petitioner's § 2255 motion alleges six grounds of ineffective assistance of counsel. Ground Three will be addressed first because it contains the crux of the petitioner's argument that counsel's alleged deficient performance caused him to be erroneously classified as a career offender. Following the discussion of Ground Three, Grounds One, Two, Four, and Five will be discussed together as they contain similar claims. Lastly, Ground Six will be discussed.

### A. Counsel's failure to challenge prior convictions that were used to classify the petitioner as a career offender

In Ground Three, the petitioner claims his counsel provided ineffective assistance by not objecting to two prior convictions that were allegedly used to classify him as a career offender. According to the United States Sentencing Commission Guidelines ("U.S.S.G."):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of



> conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2002).

The petitioner contends he was prejudiced by his counsel's performance, and argues that if counsel had challenged the petitioner's 2002 conviction for possession with intent to distribute cocaine ("2002 conviction") and the petitioner's 1997 conviction for distribution of cocaine ("1997 conviction") as predicate offenses used to classify him as a career offender, these challenges would have been successful, and then the petitioner would not have been classified as a career offender. The PSR lists five qualifying offenses, including the 1997 conviction, that were used to establish the petitioner's status as a career offender. Significantly, however, the petitioner's 2002 conviction was not one of the five qualifying offenses used to establish such status.

The petitioner fails to demonstrate that he was prejudiced by counsel's failure to object to the use of his 2002 conviction and his 1997 conviction to classify him as a career offender – as the record reflects, the petitioner's 2002 conviction was not used to establish his career offender status, and his 1997 conviction was not necessary to classify him as a career offender. Even if the petitioner could prove his 1997 conviction had been improperly used to classify him as a career offender, he still would be classified as a career offender because he had four other qualifying offenses that established him as a career offender. See U.S.S.G. § 4B1.1(a) (only two qualifying offenses are needed to classify a defendant as a career offender). Moreover, on direct appeal, the Fourth Circuit held that there was "no error with the type of state convictions used by the district



court to reach [the career offender] designation." Bellamy, 336 F. App'x at 286 (citing U.S.S.G. § 4B1.1(a)). Because the petitioner has failed to meet his burden of establishing the prejudice prong of his ineffective assistance of counsel claim, the Court denies relief on this ground.

### B. Counsel's failure to challenge criminal history points

In Grounds One, Two, Four, and Five, the petitioner claims his counsel provided ineffective assistance by failing to object to certain paragraphs in the PSR that resulted in criminal history points. The petitioner bases his prejudice argument on his contention that if counsel had objected to certain paragraphs in the PSR, he would have had fewer criminal history points, and consequently would have been placed in a lower criminal history category. However, as the petitioner was correctly determined to be a career offender, his criminal history category automatically became Category VI. See U.S.S.G. 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.")

The petitioner has failed to demonstrate that he was prejudiced by counsel's failure to challenge certain criminal history points. The petitioner's criminal history category would have remained at Category VI because of his classification as a career offender. Accordingly, because the petitioner has not shown that he was prejudiced by counsel's allegedly deficient performance of failing to challenge certain criminal history points, the Court rejects his ineffective assistance claims set forth in Grounds One, Two, Four, and Five.

### C. Counsel's failure to argue for a lower offense level

In Ground Six, the petitioner claims his counsel provided ineffective assistance by not arguing for a reduced offense level because the petitioner was a minimal or minor participant in the conspiracy. See U.S.S.G. § 3B1.2 (allowing a 2-4 level reduction in offense level for minimal

Page 7 of 11



and minor participants). The petitioner's argument that his counsel was deficient is based on his contention that the evidence showed that his participation in the conspiracy was limited, and his allegation that the Court had stated "that [petitioner] was a smaller player in the conspiracy." (ECF No. 1446 at 10). Regardless of whether the Court actually made this comment, the fact remains that the petitioner "bought, sold, and transported controlled substances and he admitted to converting cocaine to crack. He was found responsible for eleven kilograms of crack cocaine." Bellamy, 336 F. App'x at 286. The U.S.S.G. explains that a minimal participant "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 cmt. n.4. The U.S.S.G. also explains that a minor participant means any participant who is "less culpable than most other participants . . . ." U.S.S.G. § 3B1.2, cmt. n.5. The Fourth Circuit has cautioned that an offense level reduction for a minimal or minor participant should be applied only when "a particular defendant is less culpable than other members of the group to such a degree that a distinction should be made at sentencing between him and the other participants." United States v. Gordon, 895 F.2d 932, 935 (4th Cir. 1990).

The petitioner's argument that he played a small role in the conspiracy must be viewed in light of the conspiracy as a whole; whether an individual's role in a conspiracy warrants an offense level reduction "is to be determined not only by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable, but also by measuring each participant's individual acts and relative culpability against the elements of the offense of conviction." United States v. Francis, 329 F. App'x 421, 429-30 (4th Cir. 2009) (per curiam) (quoting United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001)). The "critical inquiry is thus not just whether the defendant has done fewer 'bad acts' than his co-defendants, but



whether the defendant's conduct is material or essential to committing the offense." United States v. Hernandez, 422 F. App'x 285, 286 (4th Cir. 2011) (per curiam) (quoting Pratt, 239 F.3d at 646); see also United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999) (holding the defendant was not a minimal or minor participant even though she did not play a large role because she was material or essential to the offense). In the instant case, it is undisputed that the petitioner sold controlled substances, and a seller possesses a "central position in a drug distribution conspiracy . . . ." United States v. Brooks, 957 F.2d 1138, 1149 (4th Cir. 1992) (holding the defendant, as a drug seller, did not occupy a minor role that would entitle him to a decrease in his offense level).

The petitioner fails to demonstrate that counsel was deficient by not arguing for a reduced offense level under § 3B1.2. The reasonableness of counsel's performance must be "evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential." United States v. Roane, 378 F.3d 382, 405 (4th Cir. 2004) (quoting Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)). A reduction in offense level under § 3B1.2. is not warranted when a defendant was material or essential to the offense, and, as stated above, a seller occupies a "central position in a drug distribution conspiracy." Brooks, 957 F.2d at 1149. The petitioner admitted to selling crack cocaine. Accordingly, counsel acted reasonably by not arguing for a reduction in the petitioner's offense level under § 3B1.2. Because the petitioner fails to meet his burden of establishing the deficient performance prong of his ineffective assistance of trial counsel claim, the Court denies this claim.

Even assuming, arguendo, that counsel's performance was deficient, the petitioner must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the



result of the proceeding would have been different." Strickland, 466 U.S. at 694. The petitioner bases his prejudice argument on his contention that if counsel had argued for a reduction in the petitioner's offense level, he would have received it. However, the petitioner has not argued, and the record does not reflect any evidence, that the government would not have objected to a § 3B1.2 offense level reduction or that the Court would have accepted the argument. See Daniels v. United States, No. 3:04-22437-CMC, 2006 WL 2471823, *1 (D.S.C. Aug. 24, 2006) (holding a petitioner was not prejudiced by counsel's failure to argue for a reduced sentence based on § 3B1.2). Accordingly, the Court concludes that the petitioner fails to demonstrate that he was prejudiced by counsel's failure to argue that the petitioner's offense level should be reduced based upon § 3B1.2. Therefore, the Court rejects this ineffective-assistance claim.

## CONCLUSION

Based on the foregoing, the petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1446) is denied, and the government's motion for summary judgment (ECF No. 1462) is granted. It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[21] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2011). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (citation omitted). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."



AND IT IS SO ORDERED.

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

August 13, 2013
Charleston, South Carolina