IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | 4:03-cr-00474-CWH-3 |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Mark Bellamy ) | |
| ) | |

### I. Procedural History

On April 23, 2003, career offender Mark Bellamy ("Bellamy") and twenty-nine co-defendants were indicted for conspiracy to distribute narcotics. On July 10, 2003, Bellamy pleaded guilty pursuant to a plea agreement to conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of cocaine base, commonly known as crack cocaine, and 5 kilograms or more of cocaine, all in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. At sentencing, the Court adopted a drug quantity of eleven (11) kilograms of crack cocaine and sentenced Bellamy to a term of life in prison. Bellamy appealed, and the government filed a motion to remand the case for re-sentencing. On July 12, 2006, Bellamy was re-sentenced as a career offender to 292 months in prison, to be followed by 10 years of supervised release. Bellamy again appealed, and the Fourth Circuit affirmed the Court's judgment. United States v. Bellamy, 336 F. App'x 285 (4th Cir. July 2, 2009) (per curiam).

Thereafter, Bellamy filed a pro se motion to compel the government to file a Rule 35(b) motion, arguing that he had provided substantial assistance to the government which had led to an unspecified number of convictions. (ECF No. 1386 at 1). The government responded in opposition, stating that counsel "does not believe that Mr. Bellamy has provided substantial



assistance to the government and declines to file such a motion." (ECF No. 1393 at 1). The Assistant United States Attorney, however, further stated: "If Mr. Bellamy can provide details as to the information he was prepared to testify to[,] the government will consider it." (Id. at 2). In reply, Bellamy provided additional information, and also argued that because he "did his part, or stood ready to perform . . . the government is obliged to move for a downward departure." (ECF No. 1436 at 2).

On August 9, 2013, the Court issued an order denying the defendant's motion. (ECF No. 1705). First, the Court held that the decision to file a substantial-assistance motion was a matter generally left to the discretion of the government. (Id. at 2 (citing United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993)). The Court further found that the defendant's argument that the government had obligated itself in the plea agreement to move for a departure was not supported by the plain language of the plea agreement, which provided that the government retained the discretion to deem whether the defendant's cooperation constituted substantial assistance. (Id. at 4 (citations omitted)). As the government did not deem the defendant's assistance "substantial," the Court denied the defendant's motion. (Id. at 5). On August 15, 2013, the defendant moved for reconsideration of the Court's order. (ECF No. 1710).

## II. Standard of Review

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous judgment from the court. Fed. R. Civ. P. 59(e). However, the "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted). Although Rule 59(e) does not itself provide a standard

under which a district court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three limited grounds for amending an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006) (quoting Pac. Ins. Co., 148 F.3d at 403). Importantly, Rule 59(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Pac. Ins. Co., 148 F.3d at 403 (internal quotation marks and citation omitted). However, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, or a vehicle for presenting theories or arguments that could have been advanced earlier." McMillian v. District of Columbia, 233 F.R.D. 179, 181 (D.D.C. 2005) (internal quotation marks and citations omitted). "[M]ere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (citation omitted). Indeed, such a motion is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

### III. Discussion

Bellamy does not argue that there has been an intervening change in controlling law or that new evidence not available at trial has come to light. Likewise, he does not argue that his motion was made to correct a clear error of law. Thus, the only ground for his motion appears to be that reconsideration is required to prevent manifest injustice. As a basis for the motion for reconsideration, Bellamy maintains that he provided substantial assistance to the Assistant United States Attorney in a specific case filed in 2006. He names four other persons whom he



Page 3 of 5

believes had Rule 35(b) motions filed on their behalf because of their assistance in that case and argues that he, too, is entitled to have a Rule 35(b) motion filed on his behalf because all of the men were writted back to Florence, South Carolina to testify. (ECF No. 1710 at 1-2). In response, the government states that although all of the men were writted back to Florence for interviews concerning the 2006 case, the particular defendant at issue pleaded guilty before anyone could be interviewed. (ECF No. 1727 at 1). Furthermore, the government maintains that only one person received a Rule 35(b) in connection with the 2006 case, and it has no information that would support a Rule 35(b) motion for Bellamy in that case. (ECF No. 1727 at 1-2).

Bellamy replied, setting forth additional facts as to his substantial assistance in the 2006 case and also claiming he provided substantial assistance as to the prosecution of one of his co-defendants. (ECF No. 1732 at 1-2; ECF No. 1732-1). The government again responded in opposition, noting that Bellamy was not entitled to "credit in connection with his own case." (ECF No. 1735 at 1). Bellamy again filed a reply, alleging, in part, that the government was "acting in . . . vindictiveness against him for having chosen to exercise his constitutional rights" to appeal. (ECF No. 1736 at 1).

Although Bellamy has gone to great lengths to argue the extent of his assistance to the government, this does not entitle him to judicial review of the government's refusal to file a Rule 35(b) motion. As the Supreme Court has held, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive."


#4
CCOA.

Wade v. United States, 504 U.S. 181, 186 (1992) (citations omitted).[1] As the Court's previous Order stated, the decision to file a Rule 35(b) motion is left to the government's discretion. The Court does not have the authority to review the government's decision not to make such a motion unless that decision is based on an unconstitutional motive, such as the defendant's race or religion, or is not related to a legitimate government end. Id. at 185-86.

The Court has carefully reviewed Bellamy's motion for reconsideration and finds no reason to change its prior ruling. Therefore, Bellamy's motion (ECF No. 1710) is denied.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

November 20, 2013
Charleston, South Carolina

---

[1] The Court acknowledges that in Wade, the motion was filed pursuant to U.S.S.G. § 5K1.1. The Fourth Circuit, and most other Circuits, have applied the standard set out in Wade when considering the government's refusal to file a substantial assistance motion under Rule 35(b) of the Federal Rules of Criminal Procedure. See United States v. Dais, 308 Fed. App'x 677, 678 (4th Cir. 2009) (per curiam) (applying the Wade standard to a Rule 35(b) motion).

