IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | 4:03-cr-00474-CWH-3 |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Mark Bellamy ) | |
| ) | |

### I. Procedural History

On April 23, 2003, career offender Mark Bellamy (the "defendant") and twenty-nine co-defendants were indicted for conspiracy to distribute narcotics. On May 12, 2003, after the defendant declined to cooperate with the government, the government filed an Information pursuant to 21 U.S.C. § 851. On July 10, 2003, the defendant pleaded guilty pursuant to a plea agreement to conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of cocaine base, commonly known as crack cocaine, and 5 kilograms or more of cocaine, all in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On March 3, 2004, at sentencing, the Court adopted a drug quantity of eleven kilograms of crack cocaine and sentenced the defendant to a term of life in prison, to be followed by ten years of supervised release. (ECF No. 673). The defendant appealed, contending that the Section 851 Information stated the mandatory minimum sentence was twenty years, instead of life in prison. On those grounds, the government consented to a remand for re-sentencing and filed a motion to remand the case. On May 1, 2006, the Fourth Circuit Court of Appeals vacated the defendant's sentence and remanded the case for further proceedings. (ECF No. 839). After a hearing on July 12, 2006, the Court re-sentenced the defendant as a career offender to 292 months in prison, to be followed by 10 years of supervised release. (ECF No. 880). The defendant again appealed. The Fourth Circuit affirmed the



conviction and sentence.[1] United States v. Bellamy, 336 F. App'x 285, 287 (4th Cir. 2009) (per curiam).

Next, the defendant timely filed a petition pursuant to 28 U.S.C. § 2255, which the Court denied on August 13, 2013. Bellamy v. United States, Nos. 4:03-cr-00474-CWH-3, 4:10-cv-70210-CWH, 2013 WL 4080709, at *5 (D.S.C. Aug. 13, 2013). During the time the § 2255 petition was pending before the Court, the defendant filed a pro se motion to compel the government to file a motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure (ECF No. 1386), which the government opposed (ECF No. 1393), and to which the defendant filed a reply (ECF No. 1436). The Court denied the defendant's motion by an Order filed on August 9, 2013 (ECF No. 1705). The defendant then filed a pro se motion for reconsideration of the Court's August 9, 2013 Order (ECF No. 1710), which was opposed by the government (ECF No. 1727). The Court denied the defendant's motion for reconsideration. United States v. Bellamy, No. 4:03-cr-00474-CWH-3, 2013 WL 6145279, at *2 (D.S.C. Nov. 20, 2013). The Fourth Circuit affirmed the Court's Orders denying the defendant's motions to compel and for reconsideration. United States v. Bellamy, 559 F. App'x 205, 206 (4th Cir. 2014) (per curiam).

## II. The Pending Motion

The defendant, through counsel, has filed another motion to compel the government to file a motion pursuant to Rule 35(b). (ECF No. 1828). In the present motion, the defendant contends that in December 2007, he was ready to testify in the case of United States v. Larry

---

[1] Thereafter, the government discovered that it had, in fact, filed an amended Section 851 Information on June 6, 2003, which had notified the defendant that he faced a mandatory sentence of life in prison. Thus, according to the government, the defendant has received the benefit of its error. (ECF No. 1393 at 1).



Page 2 of 4

Wilson, and was transported to Court to do so, but was not called as a witness. (ECF Nos. 1828 at 1 & 1828-1 at 2). The defendant argues that he "has never received a 35(b) reduction even though he was prepared to testify." (ECF No. 1828 at 2).

The defendant's alleged willingness to testify does not entitle him to judicial review of the government's refusal to file a Rule 35(b) motion. The United States Supreme Court has held that the government has "a power, not a duty, to file a motion when a defendant has substantially assisted[]" and "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Wade v. United States, 504 U.S. 181, 185, 186 (1992).[2] In the absence of a motion by the government, a court may grant a downward departure only if:

> (1) the government has obligated itself in a plea agreement to move for such a departure, or (2) unless, in the absence of such an obligation, it is shown that the government's refusal or failure so to move was based on an unconstitutional motive.

United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (citing Wade, 504 U.S. at 185-86). Although the defendant pleaded guilty pursuant to a written plea agreement, he does not allege that the government breached the terms of that agreement.[3] See, e.g., Wade, 504 U.S. at 185. Nor does he allege that the government has acted with an unconstitutional motive, such as racial or religious animus. See, e.g., Id. at 185-86.

---

[2] The Court acknowledges the motion at issue in Wade was filed pursuant to U.S.S.G. § 5K1.1. The Fourth Circuit, and most other Circuits, have applied the standard set out in Wade when considering the government's refusal to file a motion for substantial assistance pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. See, e.g., United States v. Dais, 308 F. App'x 677, 678 (4th Cir. 2009) (per curiam) (applying the Wade standard to a Rule 35(b) motion).

[3] The Court addressed this issue in its August 9, 2013 Order. (ECF No. 1705 at 4-5).



As the government has already explained in response to the previous motion filed by the defendant, Mr. Wilson pleaded guilty before the Assistant United States Attorney (the "AUSA") was able to interview the witnesses in that case. (ECF No. 1393 at 2). Accordingly, the AUSA involved in the <u>Wilson</u> case was "unable to confirm that [the defendant] provided substantial assistance to the government in the Larry Wilson case." (<u>Id.</u>). In response to the instant filing, the government has more succinctly stated its position: "Mr. Bellamy has not provided substantial assistance to the Government and will not receive a Rule 35(b) motion from the Government." (ECF No. 1831 at 1).

### III. Conclusion

In conclusion, because the government, in its discretion, does not believe that a Rule 35(b) motion is warranted, the Court denies the defendant's motion (ECF No. 1828).

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

January 25, 2016
Charleston, South Carolina